IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CR. NO. 3:06cr157-WHA |
| ) | |
| MITCHEL EUGENE WELBORN  ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:            KEVIN L. BUTLER

ASSISTANT U.S. ATTORNEY:    TOMMIE BROWN HARDWICK

**COUNT AND STATUTE CHARGED**:

Count 1    18 U.S.C. § 1708, Theft of Mail

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT**:

Count 1    18 U.S.C. § 1708, Theft of Mail

**PENALTIES BY COUNT - MAXIMUM PENALTY**:
Count 1    18 U.S.C. § 1708, Theft of Mail
           NMT   5Y;
           NMT   $250,000; or both
           NMT   3 Y SUP REL;
           $100 A.F.;
           VWPA

**ELEMENTS OF THE OFFENSE**:
Count 1    18 U.S.C. § 1708, Theft of Mail
First:     That the letters and mail matter described in the information was in the United States mails, that is, in a letter box, in a mail receptacle and in an authorized depository for mail matter; and

Second:    That the Defendant did knowingly and willfully steal and take the letters, and mail matter from the authorized depositories for mail as charged in the information.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Tommie Brown Hardwick, Assistant United States Attorney, and Kevin L. Butler, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view toward reaching a pretrial conclusion of the charges pending in the Information herein and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Information, the attorney for the government will do the following:

    a. The government recommends probation provided the defendant's criminal history category does not exceed criminal history category II.

    b. The government agrees that the defendant should receive a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). In addition, the government will file a motion for a one level reduction under U.S.S.G. § 3E1.1(b), if the defendant's total offense level is 16 or above. However, the defendant will not receive any acceptance of responsibility if the defendant commits another federal, state or local offense after the dates of the present offense; violates any of the conditions outlined in the Commentary to §3E1.1, or in any way violates her terms of release or supervision if applicable.

    c. The government agrees that there are no other motions for downward departure applicable in this case. If the defendant files a motion for downward departure, or should the Court in its discretion using the United States Sentencing Guidelines as advisory, sentence the defendant below the guidelines calculation, this plea agreement will become void.

2

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant conduct concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

a. To plead guilty to Count 1 of the Information;

b. The defendant agrees that there are no motions for downward departure applicable in this case, and should the defendant file a motion for a downward departure, this plea agreement will become void.

### c. DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

Notwithstanding the above, Defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal history) or 5K2.0 (from offense level). Defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals

Defendant's sentence pursuant to 18 U.S.C. § 3742, Defendant is released from this waiver.

## FACTUAL BASIS

4. The defendant understands the nature of the charge to which the plea is offered involves proof as to Count 1. With respect to Count 1: Between May 1, 2005, and May 7, 2005, Welborn stole mail from mailboxes, and other mail depositories located along his morning newspaper route in Opelika, Alabama. On May 7, 2005, Welborn was stopped by an officer of the Opelika, Alabama Police Department after Welborn was observed taking mail out of a mailbox while he was delivering the morning newspaper. Welborn had in his possession a stolen Chase Bank Rewards Visa Credit Card issued to the name of one of the residents. On May 8, 2005, Welborn admitted to stealing mail belonging to customers on his newspaper route and to attempting to use and negotiate credit cards and checks which he had stolen from the mail. There are 27 victims as a result of the thefts of stolen mail matter and a loss of $1,579.45.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant agrees to enter a guilty plea to Count 1 of the Information.

6. The defendant, before entering a plea of guilty to Count 1 of the Information as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the Government and the attorney for the defendant toward reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, said $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the

Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's ability, knowledge, and belief.

      c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      f. The defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the

defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

    g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

    h. The defendant further advises the Court that the defendant understands that after the entry of the guilty plea, the defendant may WITHDRAW the plea if the Court rejects the plea agreement, pursuant to Rule 11(c)(1)(C).

    i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

    j. The Defendant is satisfied that defense counsel has been competent and effective in representing the defendant.

7. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), *Federal Rules of*

*Criminal Procedure*, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines defendant's offense level or criminal history category to be higher than defendant anticipated which affects agreement of the undersigned parties, the defendant WILL have the right to withdraw the plea on that basis.

This \_\_\_\_ day of June, 2006.

                        Respectfully submitted,

                        LEURA G. CANARY
                        UNITED STATES ATTORNEY

                        /s/ Andrew O. Schiff
                        Andrew O. Schiff
                        Deputy Chief, Criminal Section
                        Post Office Box 197
                        Montgomery, Alabama 36101
                        (334)223-7280

                        /s/ Tommie Brown Hardwick
                        Tommie Brown Hardwick, ASB4152 W86T
                        Assistant United States Attorney

I HAVE READ THE FOREGOING PLEA AGREEMENT, UNDERSTAND THE SAME, AND THE MATTER AND FACTS SET FORTH THEREIN ACCURATELY AND CORRECTLY STATE THE REPRESENTATIONS THAT HAVE BEEN MADE TO ME AND ACCURATELY SET FORTH THE CONDITIONS OF THE PLEA AGREEMENT THAT HAS BEEN REACHED.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, KEVIN K. BUTLER.

MITCHEL EUGENE WELBORN
Defendant

Date

KEVIN L. BUTLER
Attorney for the Defendant

Date